UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| KENNADO K. TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 24-1370 |
| | ) | |
| JACKIE, TORI, MATT LANE, JOHN DOE, | ) | |
| KERR, BOYLE, AND KYLIE, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff, proceeding pro se and presently detained at McLean County Detention Facility, brought the present lawsuit pursuant to 42 U.S.C. § 1983. Plaintiff filed a Petition to Proceed in forma pauperis [4]. Plaintiff has previously accumulated three strikes under 28 U.S.C. § 1915(g), which makes him ineligible to proceed in forma pauperis unless he faces an "imminent danger of serious physical harm." *See Taylor v. Doe*, No. 17 C 2347, ECF No. 6 (N.D. Ill., filed Jun. 2, 2017); *Taylor v. Doe*, No. 17 C 2348, ECF No. 4 (N.D. Ill., filed Jun. 2, 2017); *Taylor v. Doe*, No. 17 C 2349, ECF No. 5 (N.D. Ill., filed Jun. 5, 2017).

Plaintiff is also subject to a Seventh Circuit order that instructs district courts to return unfiled any papers sent by Plaintiff or on his behalf, except in criminal cases, cases challenging the fact or duration of his confinement, and those alleging an imminent danger of serious physical harm. *Taylor v. Miller*, No. 20-2221, ECF No. 14 at 4 (7th Cir., filed Oct. 9, 2020).

As a threshold matter, Plaintiff filed a Motion to Dismiss (Doc. 7) and two Motions to Withdraw Motion to Dismiss (Docs. 8, 10). Plaintiff's motion to withdraw (Doc. 8) is granted. Plaintiff's motion (Doc. 7) is withdrawn. Plaintiff's motion (Doc. 10) is denied as moot.

Plaintiff alleges that jail officials have not taken him to the state facility where he can get mental health treatment. He alleges that without the treatment he will kill himself, and that jail officials are otherwise trying to kill him. Plaintiff alleges that the Department of Human Services is attempting to send him to a facility where they previously tried to kill him.

The Illinois Department of Human Services is not amenable to suit under 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a State[,] nor its officials acting in their official capacities are "persons" under §1983."). Plaintiff brought another lawsuit alleging the lack of mental health treatment against the same defendants. *See Taylor v. Jackie*, No. 24-1466 (C.D. Ill.). The Court in that case granted Plaintiff's petition to proceed in forma pauperis, dismissed Plaintiff's complaint for failure to state a claim, and granted Plaintiff leave to file an amended complaint that includes an opportunity to present his allegations in this case. *Id.* Plaintiff will be able to adequately present the allegations here in that case.

The Court finds that Plaintiff has not shown that he faces an imminent risk of serious physical harm as it relates to his allegations not already presented in separate litigation. Plaintiff's Petition to Proceed in forma pauperis is denied. Pursuant to 28 U.S.C. § 1915A, Plaintiff's claims against the Department of Human Services are dismissed because the agency is not amenable to suit. His remaining claims are dismissed without prejudice as duplicative.

Plaintiff's Motion to Request Counsel (Doc. 3) is denied for failure to show that he attempted to obtain counsel on his own or that he was prevented from doing so. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007); *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021).

**IT IS THEREFORE ORDERED:**

1) Plaintiff's Motions [3][4][10] are DENIED.
2) Plaintiff's Motion [8] is GRANTED. Plaintiff's Motion [7] is WITHDRAWN.

3) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile. This case is therefore terminated. All pending motions are denied as moot. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.**

4) **This dismissal may count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g). The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.**

5) **Plaintiff must still pay the full docketing fee of $405.00 even though his case has been dismissed.**

6) **If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal.**

Entered this 11th day of March, 2025.

*s/Sara Darrow*
SARA DARROW
CHIEF U.S. DISTRICT JUDGE